UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDY UMANZOR, on behalf of himself and all
other persons similarly situated,

                             Plaintiff,

       -against-                               **COMPLAINT**

JJLSZ CORP. d/b/a MEMA'S LITTLE ITALIAN        Collective Action
KITCHEN and JONATHAN ARONSON,

                          Defendants.
-------------------------------------------------------------------X

       Plaintiff, FREDY UMANZOR ("Plaintiff"), on behalf of himself and all others similarly

situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of

the Defendants, JJLSZ CORP. d/b/a MEMA'S LITTLE ITALIAN KITCHEN ("MEMA'S") and

JONATHAN ARONSON ("ARONSON") (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

       1.     The Defendants are engaged in the restaurant business. The Plaintiff and similarly

situated employees performed non-exempt work for the Defendants.  The Plaintiff and similarly

situated employees regularly worked more than 40 hours in a work week but were not paid

overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

       2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et

seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who

elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

       3.     Plaintiffs also brings this action to recover unpaid overtime wages, spread of hours

pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the

supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New

York Labor Law").

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7.      The Defendant, MEMA'S, was and still is a domestic business corporation that operates a restaurant in the County of Suffolk and State of New York.

8.       At all times relevant, Defendant, MEMA'S, has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

9.      Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

10.     At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

11.     Plaintiff's duties included preparing and cooking food.  In performing his duties, Plaintiff handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

2

12.     At all times relevant, Defendant, MEMA'S, is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

13.     At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

14.     The Defendant, ARONSON, is an owner and/or officer of MEMA'S, has authority to make payroll and personnel decisions for MEMA'S, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

## STATEMENT OF FACTS

15.     Plaintiff was employed by Defendants from in or about to in or about 2016 to in or about December 28, 2019.  Plaintiff performed non-exempt duties for the Defendants including preparing and cooking food.

16.     Throughout his employment with Defendants, Plaintiff and similarly situated employees regularly worked more than 40 hours in a workweek.  Plaintiff regularly worked from 10:00 a.m. until 10:00 p.m., 6 days per week.  Plaintiff's regular day off was Monday.

17.     Defendants failed to pay Plaintiff a premium for time worked in excess of forty (40) hours per week.  Instead, Defendants paid Plaintiff "straight-time" for hours worked after 40 hours per week at his regular rate of pay.

3

18.     Throughout his employment with Defendants, Plaintiff often worked more than ten hours in a single day.

19.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded 10 hours.

20.     Defendants failed to provide Plaintiff upon hire written notice in his native language of his rate of pay and other information required by Section 195(1) of the New York State Labor Law.

21.     Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

22.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

23.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

24.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

25.     Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises at any time during the three (3) years prior to the filing of their respective consent forms.

26.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

27.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

28.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

29.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30.    Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

31.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

32.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

33.    Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

34.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

36.     By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

37.     Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

38.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39.     Defendants willfully failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

40.     Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

41.     Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

42.     Defendants failed to provide Plaintiffs upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

43.     Defendants are liable to Plaintiff for statutory damages in the amount of $5,000.00 pursuant to New York Labor Law §198(1-a) .

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

44.     Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

45.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3).

46.     Defendants are liable to Plaintiff for statutory damages in the amount of $5,000.00 pursuant to New York Labor Law §198(1-a) .

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §198, liquidated damages and pre- and post-Judgment interest;

(iii)   Certification of this case as a collective action under 29 U.S.C. §216(b);

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       June 19, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By:    _____
       Peter A. Romero, Esq.
       825 Veterans Highway, Suite B
       Hauppauge, New York 11788
       Tel. (631) 257-5588
       promero@romerolawny.com

*Attorneys for Plaintiff*